# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**KAMAR BOATMAN**<br><br><br><br>**Defendant(s)** | )<br>)<br>)  Case No.  5:18-MJ-299 (TWD)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of May 31, 2018 in the county of Onondaga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Possession of Firearms by a Convicted Felon |

This criminal complaint is based on these facts:
See attached Affidavit in Support of Criminal Complaint

☒ Continued on the attached sheet.

_____
Complainant's signature

Richard Gardinier, Special Agent, ATF
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 5/31/2018

_____
Judge's signature

City and State: Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
Printed name and title

Criminal Complaint

United States of America
 V.
Kamar L. BOATMAN
SSN: 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

1. Richard Gardinier, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), having been employed as such since January of 2017. I have attended the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, where in I was enrolled in, and successfully completed, both the Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT). During the course of my training, I received instruction on physical surveillance, interviewing sources of information and defendants, reviewing telephone and financial records, applying for and serving search warrants, firearms trafficking, etc. Prior to, I was employed as a Police Officer with the United States Secret Service since 2012.

3. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18 and 26, United States Code.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

Criminal Complaint - Continued.

United States of America
             V.
Kamar L. BOATMAN
SSN: 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

## PROBABLE CAUSE

5. On May 31, 2018, your Affiant was contacted by the Syracuse Police Department ("SPD"), in reference to a lawful Search Warrant, which was served by members of the SPD at the residence located at 124 Melbourne Avenue, Syracuse, New York 13224.

6. The Search Warrant was granted by Syracuse City Court Judge Rosenthall on May 30, 2018. The Search Warrant was granted for 124 Melbourne Avenue, Syracuse, New York, the person of Kamar L. BOATMAN, and a 2013 Mercedes Benz GL450 bearing Vehicle Identification Number 4JGDF7CE6DA151744.

7. In sum and substance, the Search Warrant designated the area to be searched for; evidence of narcotic controlled substances known as cocaine, or paraphernalia, weapons, monies, compounds, mixtures, and/or cutting agents, used in the preparations of, possession of, use of, sale of, and/or concealment of, the narcotic controlled substances known as cocaine.

8. On or about May 31, 2018, Officers of the SPD and other law enforcement entities executed a lawful Search Warrant at the residence of Kamar L. BOATMAN (DOB 04/23/1985), in reference to drug distribution activity.

9. During the execution of the Search Warrant, SPD Officers located BOATMAN in the vicinity of the residence located at 124 Melbourne Ave, Syracuse, New York. BOATMAN was detained during the execution of the warrant, during which the FIREARM was located, after which he was taken into custody.

10. During the service of the Search Warrant, SPD Detective Babbage located a Smith and Wesson model M&P 15 rifle, bearing serial number SU23593 ("FIREARM"). The FIREARM was located in the right hand closet in a bedroom.

11. While detained, and after being advised of his Miranda Rights by law enforcement officers, BOATMAN waived his rights and gave a signed statement. BOATMAN's statement reflected the following in sum and substance. BOATMAN stated he received the guns, which include the FIREARM in question, from several other gang members within the city of Syracuse, New York. BOATMAN admitted to "stashing" the FIREARM at his residence, located at 124 Melbourne Avenue, Syracuse, New York.

12. Your Affiant conducted a Criminal History check for BOATMAN, which revealed at least one felony conviction as follows: on or about May 07, 2010, in United States District Court of the Northern District of New York, BOATMAN was convicted of 21 §

U.S.C 841(a)(1) to wit, Possession With Intent to Distribute Cocaine Base (Crack). This offense is classified as a felony, punishable by more than a year in prison.

13. On May 31, 2018, Special Agent (SA) Louis Saffioti, ATF Syracuse Field Office, who is assigned as an Interstate Nexus Expert, reviewed the SPD reports involving the above described incident. SA Saffioti consulted multiple reference databases and, based on the description of the FIREARM, along with his training and experience, stated the FIREARM was manufactured in Massachusetts. Therefore, the FIREARM, as described in the SPD reports, would have traveled in and affected interstate commerce to arrive in New York.

14. Based upon these facts, your Affiant believes there is probable cause to believe Kamar L. BOATMAN, a previously convicted felon, possessed a firearm, which traveled in or affected interstate commerce, in violation of Title 18 U.S.C 922(g)(1).

Respectfully submitted,

_____
Richard R. Gardinier
Special Agent
ATF

Subscribed and sworn to before me
on May 31, 2018:

_____
UNITED STATES MAGISTRATE JUDGE

Case 5:08-cr-00674-NAM   Document 58   Filed 05/10/10   Page 1 of 6

AO 245B   NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__Northern__ District of __New York__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| KAMAR BOATMAN | Case Number: DNYN508CR000674-001 |
| | USM Number: ▉ |
| | Paul G. Carey, Esq. |
| | 333 East Onondaga Street |
| | Syracuse, New York 13202 (315) 474-0077 |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)  1 of the Indictment on January 8, 2010.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Cocaine Base (crack) | 5/18/07 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 7, 2010
Date of Imposition of Judgment

_/s/ Norman A. Mordue_
Norman A. Mordue
Chief United States District Court Judge

May 10, 2010
Date

BB


EXHIBIT 1

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
           Sheet 2    Imprisonment

DEFENDANT: Kamar Boatman
CASE NUMBER: DNYN508CR000674-001

Judgment Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**48 months.**

X  The court makes the following recommendations to the Bureau of Prisons:

**The defendant should be afforded the opportunity to attend the Residential Drug Abuse Treatment Program and the defendant should be designated to a facility as close to Syracuse, New York, as possible.**

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   NNY(Rev. 10/05) Case 5:08-cr-00674-NAM   Document 58   Filed 05/10/10   Page 3 of 6
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:     Kamar Boatman
CASE NUMBER:   DNYN508CR000674-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**6 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Deselect, if inapplicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall not possess a firearm, destructive device, or any other dangerous weapon;
15) the defendant shall provide the probation officer with access to any requested financial information; and
16) the defendant shall submit his person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by the defendant. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

AO 245B    NNY(Rev. 10/05) Case 5:08-cr-00674-NAM   Document 58   Filed 05/10/10   Page 4 of 6
Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: Kamar Boatman
CASE NUMBER: DNYN508CR000674-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program for substance abuse which shall include testing for drug and/or alcohol use and may include inpatient and/or outpatient treatment. The program shall be approved by the United States Probation Office.

2. The defendant shall participate in a mental health program specifically related to anger management which may include medical, psychological, or psychiatric evaluation and may include outpatient and/or inpatient treatment. The program shall be approved by the United States Probation Office.

3. The defendant shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the probation officer based on the defendant's ability to pay and the availability of third party payments.

### DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me. I fully understand the conditions and have been provided a copy of them.

_____    _____
Defendant                           Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

AO 245B    NNY(Rev. 10/05) Case 5:08-cr-00674-NAM   Document 58   Filed 05/10/10   Page 5 of 6
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT:      Kamar Boatman
CASE NUMBER:    DNYN508CR000674-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100          | $ Waived | $ N/A           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |

TOTALS         $ _____        $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   NNY(Rev. 10/05) Case 5:08-cr-00674-NAM   Document 58   Filed 05/10/10   Page 6 of 6
Sheet 6 — Schedule of Payments

Judgment - Page  6  of  6

DEFENDANT:      Kamar Boatman
CASE NUMBER:    DNYN508CR000674-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **X**  In full immediately; or

B  ☐  Lump sum payment of $ _____ due immediately, balance due
   ☐ not later than _____ , or
   ☐ in accordance with ☐ D, ☐ E, ☐ F, or ☐ G below; or

C  ☐  Payment to begin immediately (may be combined with ☐ D, ☐ E, or ☐ G below); or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

E  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

F  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

G  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Lawrence K. Baerman, Clerk, U.S. District Court, Federal Bldg., P.O. Box 7367, 100 S. Clinton Street, Syracuse, N.Y. 13261-7367,** unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   ☐  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   ☐  The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.