UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,            **AFFIDAVIT**

   -v-                                CASE NO: 5:18-CR-0185 (NAM )

KAMAR BOATMAN,
                     Defendant.

---

State of New York     )
County of Onondaga   )

I, Courtenay K. McKeon, being duly sworn, depose and say that:

1. I represent the defendant, Kamar Boatman, in this action.

2. On July 3, 2018, the government provided the defense with discovery. One item provided was the application of Detective Greg Staub for a search warrant. That document is attached as Exhibit A.

3. Another item provided to the defense in discovery was a statement signed under penalty of perjury by Kamar Boatman on May 31, 2018. That document is attached as Exhibit B.

4. On November 2, 2018, the government provided the defense with additional discovery. That discovery consisted of a two-page document titled "Department Evidence Report." That document is attached as Exhibit C.

1

5.  Assistant United States Attorney Richard Southwick and I have discussed this discovery dispute on multiple occasions throughout the course of this litigation. Our last telephone conversation regarding the subject occurred on November 5, 2018. We have been unable to resolve the issue without court intervention.

I declare under penalty of perjury that the foregoing is true and correct.

November 13, 2018

Courtenay K. McKeon
Assistant Federal Public Defender
Bar Roll No. 515841

2

# EXHIBIT A

State of New York
County of Onondaga
City of Syracuse

In The Matter Of

The application of Detective Greg Staub of the Syracuse Police Department for search warrants allowing for a search of the following listed location, vehicle and person:

1.) ███████████████, Syracuse NY ████.
2.) **Kamar L. Boatman, a black male, DOB:** ████**/1985**
3.) **2013 Mercedes Benz GL450, color: gray, bearing N.Y.S. registration** ████ **V.I.N.** ████████████

The location to be searched is described as being the following;

1.) ███████████., located in the City of Syracuse, County of Onondaga and the State of New York. The single family, Cape Cod style residence is described as being a two story wooden frame structure, tan siding with tan and white trim, and tan door. The primary access point is the main door located on the East side of the structure. The residence is clearly marked with "124" displayed to the left of the entrance door in tan numeric lettering.

The search is to include any and all areas of access, entry, and egress, storage, attic, basement, kitchen, bedroom(s), bathroom(s), living room, dining room, curtilage, safe(s), mailbox(s), and any and all areas found to be associated with the aforementioned location, and any and all storage areas found to be associated with the aforementioned location and under control of said tenant(s), as well as any and all areas capable of concealing the narcotic controlled substances commonly known as cocaine, or paraphernalia, weapons, monies, compounds, mixtures, and/or cutting agents, used in the preparation of, possession of, use of, sale of, and/or concealment of, the narcotic controlled substances known as cocaine. Additionally, any and all key(s) and/or all item(s),(evidence)showing or tending to show preparation of, use of, sale of, possession of, and/or concealment of the narcotic controlled substance commonly known as cocaine. This is in violation of section 220.00 of the New York State Penal Law.

And since it is common for individuals who engage in the trafficking and distribution of the illegal substance namely

1

cocaine, to acquire assets in their own names as well as others, the search is also to include, consisting of but not limited to legal documents, bank books and statements, deeds, titles, receipts, handwritten or typed ledgers or documents, electronic devices (ie. But not limited to PDA's, computers, cellular phones, electronic notebooks) and correspondence that may contain evidence of possession and/or sale of the narcotic controlled substance commonly known cocaine.

The person to be searched is described as being the following;

      **2.)   Kamar L. Boatman, a black male, DOB:** ▓▓▓▓ **1985**

The search is to include any and all areas of **Kamar L. Boatman** person as well as all areas of his clothing, which are capable of concealing the narcotic controlled substance commonly known as cocaine.

The search is to include any and all luggage including but not limited to back pack(s), duffel bag(s), purse(s), brief case(s), belonging to or found in possession of **Kamar L. Boatman** capable of concealing the narcotic controlled substance commonly known as cocaine, as well as any and all illegal substances, paraphernalia, weapons, monies, compounds, mixtures, cutting agents used in the preparation of, possession of, use of, sale of, and /or concealment of the illegal substance commonly known as cocaine.   Additionally, any and all key(s) and/or item(s) (evidence) showing or tending to show preparation of, possession of, use of, sale of, and /or concealment of, the narcotic controlled substance commonly known as cocaine.

The search is to include but not limited to any and all articles of clothing, footwear, brand name household products, brand name health and beauty aids, and any and all container(s) (locked and/or unlocked) (secreted and /or accessible), and any and all property contained within any portion of any and all luggage.   This being in violation of section 220.00 of the New York State Penal Law.

And since it is common for individuals who engage in the trafficking and distribution of the illegal substance namely cocaine, to acquire assets in their own names as well as others, and to maintain and keep financial records, in their own names as well as others, the search is also to include, consisting of but not limited to legal documents, bank books and statements, deeds, titles, receipts, handwritten or typed ledgers or documents,

2

electronic devices (ie. But not limited to PDA's, computers, cellular phones, electronic notebooks) and correspondence that may contain evidence of possession and/or sale of the narcotic controlled substance commonly known as cocaine.

The vehicle to be searched is described as being the following:

**3.) 2013 Mercedes Benz GL450, color: gray, bearing N.Y.S. registration ▓▓▓▓▓ ) V.I.N. ▓▓▓▓▓▓▓▓▓▓**

The search is to include any and all areas of the interior-exterior, glove box, trunk, engine compartment, and any and all container(s)/brief case(s)/box(s) (locked and/or unlocked), and any and all areas (secreted and /or accessible) capable of concealing the narcotic controlled substance commonly known as cocaine, as well as any and all illegal substances, paraphernalia, monies, key(s) and /or any and all item(s) (evidence), incriminating co-conspirator(s) in this illicit narcotic network, as well as compounds, mixtures, and/or cutting agents used in the preparation of, use of, sale of, possession of, and/or concealment of the narcotic controlled substance commonly known as cocaine.

This being in violation of section 220.00 of the New York State Penal Law.

I, Greg Staub, being duly sworn deposes and says;

I am the applicant herein and am a public servant of the kind specified in the C.P.L. 690.05(1), my titles being a Police Officer. I have been a sworn member of the Syracuse Police Department since July 25th, 2005.

During the course of my time as a Police Officer I have held numerous assignments to include patrol, the Crime Reduction Team and the Gang Violence Task Force. During that time, I have participated in numerous proactive policing assignments where my duties were the enforcement and investigation of violations of 220.00, 221.00, and 265.00 of the Penal Law of New York State.

I have attended numerous schools during the course of my career to include schools held at the Northeast Counter Drug Training Center. Several of those trainings were concentrated on Drug investigations such as; "Drug Identification" 18Nov09 thru 19Nov09, "Basic Narcotics Investigator" 11Jan10 thru 13Jan10, and "Informant Management" 12 Oct11 thru 14 Oct11. I also attended advanced training in Narcotics Operations on 1MAR16 thru 2MAR16

3

held by the regional New York/New Jersey H.I.D.T.A. (High Intensity Drug Trafficking Area) Task Force.

I have therefore become familiar with the sale, distribution, methods, drug identification, trafficking techniques, and with methods of preparation, packaging, and concealing techniques of narcotic controlled substances known as cocaine, ecstasy and heroin as well as the illegal substance known as marihuana.

I have been involved in hundreds of street-level drug investigations and have personally made hundreds of arrests for street-level drug offenses in the City of Syracuse, acting in my present capacity as a Police Detective. Furthermore, I have previously been assigned to the Syracuse Gang Violence Task Force, holding a sworn position as a special deputy with the United States Marshal Service, New York/New Jersey Regional Fugitive Task Force. During my past assignment with G.V.T.F, I routinely spoke with, and conducted debriefings of documented gang members to gather intelligence on gang activity within the City of Syracuse and the Central New York region. Based on the fact that street gangs are routinely involved in the sale and distribution of illicit narcotics and the possession/sale of illegal firearms, I have gained substantial insight into the methods used by gang members conducting these aforementioned transactions.

I am currently assigned to the Syracuse Police Department's Special Investigation Division, Narcotics Unit. My current duties include narcotic investigations within the City of Syracuse.

I have taken part and have been present during numerous drug related investigations and search warrants.

I have recovered drugs that include cocaine, marihuana, ecstasy and heroin, as well as monies, weapons, and other drug paraphernalia, as well as cell phones, associated with persons who have been engaged in the trafficking and distribution of narcotic controlled substances as well as illegal substances.

There is reasonable cause to believe that the narcotic controlled substance commonly known as cocaine is being illegally possessed, concealed, and transported, as well as articles commonly used to prepare quantities of the narcotic controlled substance commonly known as cocaine, compounds, monies, legal documents, bank books and statements, deeds, titles, receipts, handwritten or typed ledgers or documents, electronic devices (ie. But not limited to PDA's, computers, cellular phones, electronic

4

notebooks) and correspondence that may contain evidence of possession and/or sale of the narcotic controlled substance commonly known as cocaine, or other item(s) paraphernalia used in the preparation of, possession of, use of, and/or sale of, the narcotic controlled substance commonly known as cocaine, as well as weapons that would tend to afford protection to those involved in the trafficking of the narcotic controlled substance commonly known as cocaine at the following listed **location**, and/or on the person of the following **individual**, as well as inside the following listed **vehicle**:

1.) ▆▆▆▆▆▆▆▆▆▆, Syracuse NY ▆▆▆▆
2.) Kamar L. Boatman, a black male, DOB: ▆▆▆▆1985
3.) 2013 Mercedes Benz GL450, color: gray, bearing N.Y.S. registration ▆▆▆▆ V.I.N. ▆▆▆▆▆▆▆▆▆▆

In support of your deponent's assertion as to the existence of reasonable cause, the following facts are based upon personal knowledge of others. Person(s) described as having personal knowledge are referred to as **confidential and reliable informant(s)**.

The reliability and truthfulness of the confidential and reliable informant(s) with further reference being made to him/her as being a CRI has provided information to members of the Syracuse Police Department and other law enforcement agencies in excess of 10 years. This information has been verified through prior police investigations which resulted in numerous controlled buys, which enabled members of the Syracuse Police Department's Special Investigation Division, Narcotics Unit, to draw and execute more than ten drug related Search Warrants. Pursuant to the execution of said Search Warrants amounts of cocaine, and marijuana have been recovered that lead to the arrest of several individuals for violations of section 220.00 and 221.00 of the Penal Law of New York State.

The identity of these person(s) shall remain confidential as not to jeopardize their safety and the dates on which the controlled purchases were completed are not specified. In this way the confidentiality and safety of the confidential informant(s) utilized is maximized and the ability of the individuals who are operating this illegal enterprise to determine the identity of the C.R.I. (s) and/or when their enterprise was compromised is minimized.

This investigation was initiated on or about the fourth week of January, 2018. I had a meeting with a confidential and reliable

5

informant with further reference being made to him/her as being a
C.R.I. During this meeting the C.R.I. advised your deponent about
a black male he/she believed to go by the name of "Kamar Boatman"
who was actively involved in the sale of cocaine. The C.R.I. was
then directed to set up a meeting with this black male for the
purpose of attempting to purchase a quantity of cocaine. The
C.R.I. was checked for monies and contraband with negative
results. The C.R.I. was then issued a quantity of US Currency and
directed to go to a prearranged location in an attempt to purchase
a quantity of cocaine from the male. The C.R.I. was then followed
to and was observed arriving at this location without coming into
contact with other(s).

The C.R.I. was then observed meeting with a black male. A
short time thereafter, the C.R.I. was observed by your deponent
leaving the location and immediately returning to your deponent's
prearranged location without coming into contact with others. The
C.R.I. produced an amount of a beige chunky substance. The C.R.I.
was then checked for monies and contraband with negative results.

The C.R.I. then stated to me that he/she met with a black
male. The C.R.I. advised the male that he/she would like to
purchase an amount of cocaine. The male then proceeded to
retrieve an amount of "crack" cocaine from his person and did
exchange this "crack" cocaine with the C.R.I. for an amount of US
paper currency.

Your deponent performed a field test on a portion of the
beige chunky substance by utilizing a Narco Pouch 904 Cocaine
Field test kit, which resulted in a positive reaction for the
presence of cocaine. The cocaine was turned into the Syracuse
Police Department Property Section.

This investigation continued on or about the last week of
January, 2018 while researching police databases for the name
"Kamar Boatman" I located a black male with the name of Kamar L.
Boatman, D.O.B. ████/1985) who gave an address of ██████████
████., Syracuse NY █████. Boatman's past arrest history showed
several drug related offenses to include; C.P.C.S. 3rd, 4th, 7th
degrees, as well as a U.S. Federal indictment charge of possession
with the intent to distribute cocaine.

This investigation continued on or about the last week of
January, 2018. I had a meeting with a C.R.I. in an attempt to
confirm the identity of the black male who had sold an amount of
"crack" cocaine to the C.R.I. The C.R.I. was shown several unnamed
color photographs, one of those photographs being that of Kamar L.

6

Boatman, D.O.B. ████/1985) The C.R.I. subsequently identified the photo of Kamar L. Boatman, D.O.B. (████/1985) as being the black male from whom he/she had purchased an amount of "crack" cocaine from. The CRI was then informed the male that he/she identified in the photograph is in fact, Kamar L. Boatman, D.O.B. ████/1985).

The investigation was continued during the last week of January, 2018 where your deponent met with a C.R.I. for the purpose of attempting to purchase a quantity of cocaine from, Kamar L. Boatman. The C.R.I. was checked for monies and contraband with negative results. The C.R.I. was then issued a quantity of US Currency and directed to go to a pre-arranged location in an attempt to purchase a quantity of cocaine from Kamar L. Boatman. The C.R.I. was then followed to and was observed arriving at this location without coming into contact with other(s).

A short time thereafter, a black four door sedan was observed by surveillance units arriving at the pre-arranged meeting location. The C.R.I. was then observed meeting with a black male passenger. The C.R.I. was then observed by your deponent leaving the pre-arranged location and immediately returning to your deponent's prearranged location without coming into contact with others. The C.R.I. produced an amount of a beige chunky substance. The C.R.I. was then checked for monies and contraband with negative results.

The C.R.I. then stated to me that he/she met with the black male passenger whom he/she identified as, Kamar L. Boatman. The C.R.I. advised Boatman that he/she would like to purchase an amount of cocaine. Boatman then proceeded to retrieve an amount of "crack" cocaine from his person and did exchange this "crack" cocaine with the C.R.I. for an amount of US paper currency.

Your deponent performed a field test on a portion of the beige chunky substance by utilizing a Narco Pouch 904 Cocaine Field test kit, which resulted in a positive reaction for the presence of cocaine. The cocaine was turned into the Syracuse Police Department Property Section.

This investigation continued on the first week of April, 2018 when your deponent was notified about a burglary that was reported on the 5th of April, 2018 at ████████████. The resident/victim who reported the burglary identified himself as, Kamar Boatman, D.O.B. (████/1985). Boatman relayed in the incident report that

7

his residence had been burglarized while he was out of town and property had been stolen from within.

The investigation was continued on or about the second week of April, 2018 where your deponent met with a C.R.I. for the purpose of attempting to purchase a quantity of cocaine from Kamar L. Boatman. The C.R.I. was checked for monies and contraband with negative results. The C.R.I. was then issued a quantity of US Currency and directed to go to a pre-arranged location in an attempt to purchase a quantity of cocaine from Kamar L. Boatman. The C.R.I. was then followed to and was observed arriving at this location without coming into contact with other(s).

Prior to this meeting, a gray Mercedes Benz GL4 bearing New York registration ⬛⬛⬛⬛⬛ was observed by surveillance units pulling up in front of ⬛⬛⬛⬛⬛⬛⬛⬛. A black male was then observed exiting the vehicle and entering the residence. Moments later, the male reemerged from the residence and entered the said vehicle. The vehicle was subsequently followed to and observed by surveillance units arriving at the pre-arranged meeting location.

The C.R.I. was then observed meeting with the black male driver. The C.R.I. was then observed by your deponent leaving the pre-arranged location and immediately returning to your deponent's prearranged location without coming into contact with others. The C.R.I. produced an amount of a white powdery substance. The C.R.I. was then checked for monies and contraband with negative results.

The C.R.I. then stated to me that he/she met with the driver of the vehicle, Kamar L. Boatman. The C.R.I. advised Boatman that he/she would like to purchase an amount of cocaine. Boatman then proceeded to retrieve an amount of cocaine from his person and did exchange this cocaine with the C.R.I. for an amount of US paper currency.

Your deponent performed a field test on a portion of the white powdery substance by utilizing a Narco Pouch 904 Cocaine Field test kit, which resulted in a positive reaction for the presence of cocaine. The cocaine was turned into the Syracuse Police Department Property Section.

The investigation was continued on or about the second week of May, 2018 where your deponent met with a C.R.I. for the purpose of attempting to purchase a quantity of cocaine from Kamar L. Boatman. The C.R.I. was checked for monies and contraband with

8

negative results.  The C.R.I. was then issued a quantity of US Currency and directed to go to a pre-arranged location in an attempt to purchase a quantity of cocaine from Kamar L. Boatman. The C.R.I. was then followed to and was observed arriving at this location without coming into contact with other(s).

A short time thereafter, a gray Nissan Altima was observed by surveillance units arriving at the pre-arranged meeting location. The C.R.I. was then observed meeting with a black male passenger. The C.R.I. was then observed by your deponent leaving the pre-arranged location and immediately returning to your deponent's prearranged location without coming into contact with others. The C.R.I. produced an amount of a white powdery substance. The C.R.I. was then checked for monies and contraband with negative results.

The C.R.I. then stated to me that he/she met with the black male passenger whom he/she identified as Kamar L. Boatman. The C.R.I. advised Boatman that he/she would like to purchase an amount of cocaine.  Boatman then proceeded to retrieve an amount of cocaine from his person and did exchange this cocaine with the C.R.I. for an amount of US paper currency.

Your deponent performed a field test on a portion of the white powdery substance by utilizing a Narco Pouch 904 Cocaine Field test kit, which resulted in a positive reaction for the presence of cocaine. The cocaine was turned into the Syracuse Police Department Property Section.

This investigation was continued on the second week of May, 2018 your deponent conducted surveillance of ████████████. During several surveillances, a black male who your deponent recognized as, Kamar Boatman, was observed exiting 124 Melbourne Ave. and getting into a 2013 Mercedes Benz GL450, color: gray, bearing N.Y.S. registration ████████).  This vehicle was routinely utilized by Boatman to come and go from this location. Furthermore, the vehicle has been parked in the driveway ██ ██████████ on a nightly bases.

Also, during this time frame a shots fired complaint was reported on 5/08/18 in the area of ████████████. Neighbors reported hearing 3-6 gunshots at 2330 hrs. During a subsequent search of the area, responding officers located what appeared to be two bullet holes in the siding of ████████████.  The resident, Kamar Boatman was interviewed by responding officers at which time he denied hearing any shots.  Over the course of the past few months, this residence has been the target of a burglary and shots fired which are directly related to Kamar Boatman. Based

9

on the fact that Boatman has ties to local street gangs, which are routinely involved in the sale and distribution of illicit narcotics and the possession/sale of illegal firearms. It would suggest that Boatman is directly involved with illegal activity revolving around the possession/ sale of cocaine.

The investigation was continued on or about the fourth week of May, 2018 where your deponent met with a C.R.I. for the purpose of attempting to purchase a quantity of cocaine from Kamar L. Boatman.   The C.R.I. was checked for monies and contraband with negative results.   The C.R.I. was then issued a quantity of US Currency and directed to go to a pre-arranged location in an attempt to purchase a quantity of cocaine from Kamar L. Boatman. The C.R.I. was then followed to and was observed arriving at this location without coming into contact with other(s).

A short time thereafter, a black male who appeared to be Kamar L. Boatman was observed by surveillance units arriving at the pre-arranged meeting location. The C.R.I. was then observed meeting with this black male.   The C.R.I. was then observed by your deponent leaving the pre-arranged location and immediately returning to your deponent's prearranged location without coming into contact with others. The C.R.I. produced an amount of a white powdery substance. The C.R.I. was then checked for monies and contraband with negative results.

The C.R.I. then stated to me that he/she met with the black male whom he/she identified as Kamar L. Boatman. The C.R.I. advised Boatman that he/she would like to purchase an amount of cocaine.   Boatman then proceeded to retrieve an amount of cocaine from his person and did exchange this cocaine with the C.R.I. for an amount of US paper currency.

Your deponent performed a field test on a portion of the white powdery substance by utilizing a Narco Pouch 904 Cocaine Field test kit, which resulted in a positive reaction for the presence of cocaine. The cocaine was turned into the Syracuse Police Department Property Section.

Based on the aforementioned confidential and reliable information, information from anonymous and independent sources and personal knowledge of your deponent, there is probable cause to believe that quantities of the narcotic controlled substance commonly known as cocaine is being illegally transported, possessed, and concealed at the following listed location, and/or on the person of the following individual, and /or in the

10

following described vehicle,  and in any and all luggage belonging
to or found in possession of Kamar L. Boatman, D.O.B. (4/23/1985)

1.) ██████████████, Syracuse NY ████.
2.) **Kamar L. Boatman, a black male, DOB:** ████1985
3.) **2013 Mercedes Benz GL450, color: gray, bearing N.Y.S.**
**registration** ████████ **V.I.N.** ██████████████

        This being in violation of section 220.00 of the Penal Law
of the State of New York.


        I would ask the court to issue a warrant to search the
following listed location, person and vehicle:


1.) ██████████████, Syracuse NY ████.
2.) **Kamar L. Boatman, a black male, DOB:** ████1985
3.) **2013 Mercedes Benz GL450, color: gray, bearing N.Y.S.**
**registration** ████████ **V.I.N.** ██████████████

     And to seize and recover as evidence any and all illegal
substances, paraphernalia, weapons, monies, legal documents, bank
books and statements, deeds, titles, receipts, key(s) and
correspondence, compounds, mixtures, or cutting agents, used in
the preparation of, use of, sale of, possession of, and/or
concealment of, the narcotic controlled substance known as cocaine
any and all item(s) (evidence) showing preparation of, use of,
sale of, possession of, and/or concealment of, the narcotic
controlled substance commonly known as cocaine.

     And any and all weapons that would tend to afford protection
to those persons engaged in the trafficking of illegal substances.

     And that persons who are engaged in the trafficking of
cocaine protect their cocaine, monies, records, etc., with the use
of weapons that have potential to harm police officers and
civilians, allowing for notice of authority would give
individual's ample opportunity to arm themselves and possibly
destroy evidence, as much as cocaine can be readily disposed of
(ex. flushing the cocaine down the toilet), therefore, a request
is hereby made to the court that the warrant be issued without
notice of authority in accordance of article 690.35 4B (I) (II),
and further that a request is made that said warrant(s) be
executed at any time of the day or night in accordance with
article 690.35 4A (I) (II) of the criminal procedure law of the
State of New York.

                                                              11

This request is made based upon your deponent's observations that these transactions take place both day and night. Your deponent has conducted controlled buys and surveillance at this location during various hours of day and night, thereby confirming illegal activity appears to be taking place at all hours of the day at this residence.

Based on more than twelve years of experience investigating crimes related to the sale of illicit drugs your deponent is familiar with the manner in which persons involved in the sale of illicit drugs will utilize cellular devices in the furtherance of their illegal trade. These persons will commonly utilize the cellular phone in an attempt to mask the illegal activity as well as making it more difficult to track said phone and its user. Furthermore, persons involved in the street-level sale of illicit drugs will commonly utilize text messaging on cellular phones to set up transactions without actually verbally communicating thus, in their belief, making it more difficult to trace or track these illicit transactions.

This being in violation of section 220.00 of the New York State Penal Law. That it would respectfully request that the court issue a search warrant allowing for a search of said device and that said search would allow for the forcible (from password protected areas) removal of digital information (text messages, voice mail, call logs, photographs, videos etc.).

A further request is made of the court to grant the forcible removal of data from any electronic devices (ie. But not limited to PDA's, computers, and electronic notebooks) that may be password protected or encrypted, and correspondence that may contain evidence of possession and/or sale of the illegal substance commonly known as cocaine.

I have read this statement which consists of 12 page(s) and the facts contained therein are true and correct to the best of my knowledge.

Note; False statements made herein are punishable as a class A Misdemeanor pursuant to section 210.45 of the Penal Law of the State of New York.

Affirmed under the penalty of perjury, this 30$^{h}$ day of _MAY_ 2018.

_____ Hano          _____
Signature                              Witness

12

# EXHIBIT B

## STATEMENT

STATE OF NEW YORK
COUNTY OF ONONDAGA       TIME STARTED 9.29AM       DR # _____
CITY OF SYRACUSE

I KAMAR BOATMAN _____, being duly sworn, state I am 33 years of age DOB ~~3-85~~
and my address is ~~_____~~. My occupation is _____,
my work address is _____ and I have completed _____ years of
school. I can be reached at the following phone numbers, _____ home and
_____ work.

I KAMAR BOATMAN ~~was Ian~~
~~Problem or had~~ am writing this statement
on my own will. I have a new project
called I CURVE THE CURVE. The objective is
to curve violence & intrce entreprinship in
the property communties. I personally
tailed some young boys braded into giving
me there wepons. It was a hand gun,
shot gun & some assult rifles. I took
them from the young boys & stashed them in
124 Melbourn Ave. My objective is to
assist the community & police to help
curve the violence in the city of
syracuse NY. So, the police did a
search of my home & found the guns
these firearms I was taking off the
street to protect the community, Curve
the curve is my non-for-profit
social organization. These guns was not my
guns I tailed some young gang
members into giving me there guns &
they did so I took them & put them in
my home to save lives. I was looking to be
getting more this week from some young boys
& I was going to give them to the
police on June 5       TIME ENDED

I have read this statement ( had this statement read to me ) which consists of _____. page (s) and the facts
contained therein are true and correct to the best of my knowledge.

**NOTE: FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR
PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.**

Affirmed under the penalty of perjury, this _____ day of _____. 20 _____.

_____                              _____
signature                                    witness

## STATEMENT CONTINUATION

**STATE OF NEW YORK**
**COUNTY OF ONONDAGA**
**CITY OF SYRACUSE**

DR # _____

ON JUNE 5TH I HAD A MEETING WITH
PARKS IN REC, SYRACUSE POLICE
DEPARTMENT & [FIRE] FIRE DEPARTMENT.
IT WAS TO DISCUSS THE ALL WHITE
PARTY AT THE INNER HARBOR.
THE STAFF SPOKE TO THE POLICE CHIEF
"FRANK FOWLER" ABOUT MY JOB AS I
PROTEST AS A COMMUNITY ACTIVIST,
PROMOTER, EVENT PLANNER & ME &
MY GIRL OWN A LAWN CARE COMPANY.
ALL I WAS DOING WAS ASSISTING THE
COMMUNITY OF SYRACUSE & THE
[CITY] SYRACUSE POLICE DEPARTMENT
BY TAKING GUNS OFF THE STREET.
YES I'M ADMITTING TO TAKING
THE GUNS OFF THE STREETS OF
SYRACUSE, & STORING THEM IN MY
HOME FOR SAFE KEEP, SO THAT MY
NON-FOR-PROFIT WILL SHOW THE COMMUNITY
& THE CITY OF SYRACUSE POLICE DEPARTMENT
THAT COMMUNITY POLICING IS IN EFFECT &
SYRACUSE MY THEY SAY IT WAS A
DRUG INVESTIGATION [tet funn] NO DRUGS AINT
NO WHERE THEY GOT THAT FROM I WAS
IN POSSESSION OF TWO I THINK, A FULL CLIP
PLUS I ALEO 8.0 US. I HAD 185 IN
MY POCKET. MAY THE LORD BE WITH.

I have read this statement ( had this statement read to me ) which consist of _____ page(s) and the facts contained therein are true and correct to the best of my knowledge.

**NOTE: FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.**

Affirmed under the penalty of perjury, this _31_ day of _MAY_, 20 _17_.

_____        _____
signature                                              witness

# EXHIBIT C



**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

100 South Clinton Street, P.O. Box 7198     Tel.: (315) 448-0672
James M. Hanley Federal Building            Fax: (315) 448-0658
Syracuse, New York 13261-7198

November 2, 2018

Courtenay McKeon, Esq.
Federal Public Defender's Office
4 Clinton Square, 3d Floor
Syracuse, NY 13202

     Re:    *United States v. Kamar Boatman*
              Criminal No. 5:18-CR-185 (NAM)

Dear Mrs. McKeon:

Pursuant to Federal Rule of Criminal Procedure 16(a), the Government hereby discloses additional discovery received from the Syracuse Police Department.

The attached document contains information about the alleged offense in the indictment, specifically the Syracuse Police Department's, Department Evidence Report.

Pursuant to Fed. R. Crim. P. 16, the United States also requests the identification of reciprocal discovery.

Please feel free to contact me at (315) 448-0672, should you have any questions or concerns.

              Very truly yours,

              GRANT C. JAQUITH
              United States Attorney

    By:    Richard R. Southwick
              Assistant United States Attorney

/pvw
Enclosures

11/1/2018

# Syracuse Police Department
# Department Evidence Report (Selected Items Only)

### Department Case Number: ▮▮▮▮▮

### Related Case # 's:

## Case Information

| | |
|---|---|
| **Case Officer:** | Officer: 1052 STAUB, GREGORY |
| **Offense Date/Time:** | 0▮/▮/2018 - 1▮▮▮ |
| **Offense Location:** | city of syracuse |
| **Offense Type:** | DRUG Controlled Substance Violation or Abuse |
| **Offense Class:** | F - Felony |
| **Expiration Date:** | ▮▮▮ |
| **Jurisdiction:** | CITY OF SYRACUSE |
| **Court Date:** | |
| **Disposition:** | |
| **Disposition Date:** | |
| **Case Comments:** | |

## Case Names

## Case Items

**Container #:**
**Status/Location:** Stored In Location - SPD DRUG ROOM YELLOW BIN
**Collection Date/Time:** 1▮▮/2018 - ▮▮▮▮
**Collected By:** 010449 - STAUB, GREGORY
**Collection Location:** city of syracuse
**Packaging/Quantity/Item Type:** Plastic Bag - ▮▮▮▮
**Detail Description:** clear knotted plastic containing ▮▮▮▮
**Owner:** There is no owner associated with this item

**Process:** Hold for investigative purposes

**Collection Purpose:** Evidence

**Item Notes:**

---

**Container #:**
**Status/Location:** Stored In Location - SPD DRUG ROOM YELLOW BIN
**Collection Date/Time:** 1▮▮/2018 - ▮▮▮▮
**Collected By:** 010449 - STAUB, GREGORY
**Collection Location:** city of syracuse
**Packaging/Quantity/Item Type:** Plastic Bag - ▮▮▮▮
**Detail Description:** clear knotted plastic containing ▮▮▮▮
**Owner:** There is no owner associated with this item

**Process:** Hold for investigative purposes

**Collection Purpose:** Evidence

**Item Notes:**

---

**Container #:**
**Status/Location:** Stored In Location - SPD DRUG ROOM YELLOW BIN
**Collection Date/Time:** 2▮/2018 - ▮▮▮▮
**Collected By:** 010449 - STAUB, GREGORY
**Collection Location:** city of syracuse
**Packaging/Quantity/Item Type:** Plastic Bag - ▮▮▮▮
**Detail Description:** clear knotted plastic containing ▮▮▮▮
**Owner:** There is no owner associated with this item

**Process:** Hold for investigative purposes

**Collection Purpose:** Evidence

**Item Notes:**

11/1/2018

# Syracuse Police Department

## Department Evidence Report (Selected Items Only)

Department Case Number: ▮▮▮▮▮

### Case Items

---

**Container #:**
**Status/Location:** Stored In Location - SPD DRUG ROOM YELLOW BIN
**Collection Date/Time:** 4▮/2018 - ▮▮▮▮▮▮▮
**Collected By:** 010449 - STAUB, GREGORY
**Collection Location:** city of syracuse
**Packaging/Quantity/Item Type:** Plastic Bag - ▮▮▮▮▮▮▮
**Detail Description:** clear knotted plastic containing ▮▮▮▮▮
**Owner:** There is no owner associated with this item

**Item Notes:**

**Process:** Hold for investigative purposes

**Collection Purpose:** Evidence

---

**Container #:**
**Status/Location:** Stored In Location - SPD DRUG ROOM YELLOW BIN
**Collection Date/Time:** 5▮/2018 - ▮▮▮▮▮▮s
**Collected By:** 010449 - STAUB, GREGORY
**Collection Location:** city of syracuse
**Packaging/Quantity/Item Type:** Plastic Bag - ▮▮▮▮▮▮
**Detail Description:** clear knotted plastic containing ▮▮▮▮
**Owner:** There is no owner associated with this item

**Item Notes:**

**Process:** Hold for investigative purposes

**Collection Purpose:** Evidence

---

**Container #:**
**Status/Location:** Stored In Location - SPD DRUG ROOM YELLOW BIN
**Collection Date/Time:** 5▮/2018 - ▮▮▮▮▮▮
**Collected By:** 010449 - STAUB, GREGORY
**Collection Location:** city of syracuse
**Packaging/Quantity/Item Type:** Plastic Bag - ▮▮▮▮▮▮
**Detail Description:** Clear knotted plastic containing ▮▮▮▮▮
**Owner:** There is no owner associated with this item

**Item Notes:**

**Process:** Hold for investigative purposes

**Collection Purpose:** Evidence

---

### Lab Submissions

_____          _____          _____
Case Officer Signature                    Date                        Supervisor Signature