UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                          5:18-cr-00185 (NAM)

KAMAR BOATMAN,

                                **Defendant.**
_____

**APPEARANCES:**

Office of the United States Attorney, Northern District of New York
Richard R. Southwick, Assistant United States Attorney
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261
*Attorney for the Government*

Office of the Federal Public Defender, Northern District of New York
Courtenay K. McKeon, Assistant Public Defender
Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
*Attorney for the Defendant*

**Hon. Norman A. Mordue, Senior United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

      Defendant Kamar Boatman stands charged with the crime of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  (Dkt. No. 13).  Now before the Court is Defendant's motion to compel the Government to produce certain evidence related to the search warrant that led to his arrest.  (Dkt. No. 29).  The Government opposes the motion.  (Dkt. No. 41).  For the following reasons, Defendant's motion is granted in part, and denied in part.

1

**II.     BACKGROUND**

The weapons charge against Defendant stems from a search of his residence by members of the Syracuse Police Department ("SPD") on May 31, 2018, wherein detectives searching for drugs found several firearms.  (Dkt. No. 13).  Defendant has a prior conviction for Possession With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  (*Id.*). The search warrant was obtained based on an application from SPD Detective Greg Staub, which stated that SPD had conducted a series of controlled buys of cocaine or cocaine base from Defendant using a confidential informant on five separate occasions between January and May of 2018.  (Dkt. No. 35, pp. 4–15).  The application states that in January 2018, Detective Staub met with a confidential informant, who advised him that Defendant was "actively involved in the sale of cocaine." (*Id.*, pp. 8–9).  According to Detective Staub, the confidential informant has a reliable track record of assisting law enforcement for more than 10 years.  (*Id.*).

In short, the application states that Detective Staub oversaw a series of controlled buys, where the confidential informant was issued an amount of currency and directed to attempt to purchase a quantity of cocaine from Defendant. (*Id.*).  The application states that for the first two controlled buys in January 2018, the confidential informant purchased a "beige chunky substance," which field-tested positive for cocaine.  (*Id.*, pp. 9–10).  The confidential informant was shown a photo array and identified Defendant as the seller. (*Id.*).  The application also states that for the other controlled buys in April and May of 2018, the confidential informant purchased a "white powdery substance," which field-tested positive for cocaine.  (*Id.*, pp. 11– 13).

In addition, the Government has produced to Defendant a heavily redacted SPD "Department Evidence Report," which shows that Detective Staub inventoried evidence in the SPD drug room on six occasions between January and May of 2018. (Dkt. No. 35, pp. 21–22).

Defendant has submitted an affidavit which disputes the existence of the controlled buys. (Dkt. No. 29-2). Specifically, Defendant states that he "did not sell cocaine (either powder or crack) to any individual in 2018, and that he "was not present during any sales of cocaine (either powder or crack) in 2018." (*Id*, ¶¶ 7–8). Defendant's motion to compel seeks additional information "showing that the alleged controlled buys actually occurred," specifically, "any documents, recordings, videos, or tangible documents within the possession of the [SPD] corroborating the occurrence of five alleged 'controlled buys' of controlled substances from defendant Kamar Boatman." (Dkt. No. 29-1, p. 2). Defendant argues that the information so far produced by the Government "does not provide any corroboration that the controlled buys alleged in the search warrant affidavit ever occurred." (*Id*., pp. 2–3).

In response, the Government insists that it has met its discovery obligations, and that disclosure of additional documentation regarding the controlled buys, even in redacted form, "would identify the informant to the defendant and could result in harassment, injury, or death to the informant, his/her family and friends." (Dkt. No. 41).

On December 17, 2018, the Court directed the Government "to submit to the Court for *in camera* review, by December 21, 2018, all documents and evidence supporting the controlled buys of cocaine or cocaine base from Defendant, as alleged in the search warrant application by Syracuse Police Detective Gregory Staub." (Dkt. No. 46). Having now received and reviewed several documents related to the controlled buys, the Court will decide Defendant's motion.

**III.   APPLICABLE LAW**

Under the Federal Rules of Criminal Procedure, the Government is generally required to disclose to a defendant any document or other item that is "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).  The Government must also disclose to the defendant "any written or recorded statement by the defendant if the statement is within the government's possession, custody, or control and the attorney for the government knows—or through due diligence could know—that the statement exists."  Fed. R. Crim. P. 16(a)(1)(B)(1).

However, the "informer's privilege" permits the Government to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. at 59.  "The scope of the privilege is limited by its underlying purpose.  Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged." *Id.* at 60.  When weighing the privilege versus potential disclosure, courts must consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*. at 62.  Disclosure of the identity of a confidential informant "is not required unless the informant's testimony is shown to be material to the defense." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988).

## IV. DISCUSSION

In general, the documents reviewed by the Court consist of the following: 1) the unredacted version of the SPD evidence report; 2) a handwritten note from January 2018 indicating that Detective Staub was assigned to investigate the Defendant; 3) handwritten notes of Detective Staub as to each of six controlled buys of suspected drugs between January and May of 2018; 4) six SPD Confidential Expenditure Voucher forms filled out by Detective Staub between January and May of 2018; and 5) a Report of Laboratory Analysis regarding six items that tested positive for cocaine.

As an initial matter, none of the documents contain statements made by Defendant subject to Rule 16(a)(1)(B)(1).  Further, it is not clear that the documents are "material to preparing the defense" under Rule 16(a)(1)(E)(i), since the Defendant was not charged with any drug crime in connection with the controlled buys.  *See United States v. Armstrong*, 517 U.S. 456, 462 (1996) ("[W]e conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief.  While it might be argued that as a general matter, the concept of a 'defense' includes any claim that is a 'sword,' challenging the prosecution's conduct of the case, the term may encompass only the narrower class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged.").  Indeed, Defendant's motion appears to be a prelude to one for suppression of evidence, based on the theory that the Government "violated Mr. Boatman's Fourth Amendment rights by obtaining a search warrant using false information." (Dkt. No. 29-1, p. 5).  But even if the documents are subject to disclosure, the Court finds that the informer's privilege outweighs Defendant's need for the information, with one exception.

Most of the documents include the confidential informant's name and sensitive information that could be used to identify him or her, such as the exact dates, locations, amounts, and monies paid for the controlled buys. Redaction of this sensitive information would render the documents useless to the Defendant. Moreover, the information in these documents is consistent with the controlled buys described in the search warrant application, which undercuts Defendant's theory that Detective Staub fabricated the basis for probable cause.[1] Accordingly, the informer's privilege outweighs any need Defendant has for the documents. *See also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997) ("The need for disclosure is far less compelling when, as here, it is sought in connection with a pretrial suppression hearing *on issues which do not bear on defendant's guilt*.") (emphasis added).

However, based on the Court's review, the laboratory analysis report does not appear to implicate the informer's privilege. The report does not reference the confidential informant or include the sort of sensitive information discussed above. Much of the information about the items tested is also in the search warrant application produced by the Government; the report simply confirms the field-tests performed by Detective Staub, showing six results for cocaine. Therefore, the laboratory analysis report should also be produced to the Defendant, with the limited redaction of the SPD case number.

V.   **CONCLUSION**

For the above-stated reasons, it is hereby

**ORDERED** that Defendant's motion to compel (Dkt. No. 29) is **GRANTED in part and DENIED in part**; and it is further

---

[1] In Defendant's motion, counsel asserts without any evidence that they have "developed information that Detective Staub had a motive to fabricate allegations against Mr. Boatman." (Dkt. No. 29-1, p. 4).

**ORDERED** that the Government shall disclose to the Defendant <u>only the laboratory analysis report</u> identified above; and it is further

**ORDERED** that Defendant's motion is **otherwise DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: January 3, 2019
      Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge