UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES,

                              Plaintiffs,                            **ATTORNEY DECLARATION**

    v.                                                            Criminal Action No.: 5:18-CR-185 (NAM)

KAMAR BOATMAN,

                              Defendants.
_____

TODD M. LONG, pursuant to Section 1746 of Title 28 of the United States Code, under the penalty of perjury, to the best of my knowledge, declares:

    1.       I am duly admitted to practice law before this Court.

    2.       I am also an Assistant Corporation Counsel for the City of Syracuse (the "City"), and represent the City of Syracuse, its employees, agents, officers, who are not parties to the above-captioned criminal action.

    3.       I submit this Declaration, along with an exhibit, the Affidavit of Detective Mark Rusin ("Det. Rusin"), and the accompanying memorandum of law on behalf and in support of City of Syracuse's Motion to Quash Defendant Kamar Boatman's Judicial Subpoena Pursuant to Fed. Rules Crim. Pro. Rule 17(c)(2).

    4.       Upon information and belief, on or about March 7 or 8, 2019, the City of Syracuse Police Department ("SPD") was in receipt of a *subpoena duces tecum*, pursuant to Fed. Rules Crim. Pro. Rule 17 relative to the above-captioned matter ("Subpoena").  A true and accurate copy of the Subpoena, with a cover letter, is attached hereto as **Exhibit "A."**

    5.       Upon information and belief, the Subpoena was later provided to SPD

administration who provided the Office of the Corporation Counsel for the City of Syracuse (the "City")—the department's legal counsel—an electronic copy of the same Subpoena on March 12, 2019.

6. Regardless of any delays in delivery, the Subpoena was nonetheless allegedly signed on March 7, 2019, but returnable to the Office of the Federal Public Defender for the Northern District of New York ("Public Defender") in short order on March 15, 2019. *See* id.

7. The cover letter attaching the Subpoena indicated that the Subpoena was from John O'Brien ("Mr. O'Brien"), an investigator from the Public Defender's office. *See* id., p. 2.

8. Upon information and belief, the Public Defender represents Defendant Kamar Boatman ("Defendant") in the above-captioned matter. *See* id.

9. The contents of the Subpoena commanded that the City produce "[a] copy of the written policies, procedures and rules on how officers are supposed to document controlled drug buys." Id., p. 1. Moreover, Mr. O'Brien directed that SPD deliver the document electronically to him on behalf of Defendant, rather than to and before the Court on a date and time returnable. *See* id., p. 2.

10. On March 14, 2019, I conducted a review of what was represented to me as a paper file where all process-served records are kept with the Office of the City Clerk for the 2019 Calendar Year. This review was negative for the Subpoena, inferring that the Clerk was not served a copy of the Subpoena. *See* Ex. A.

11. Upon information and belief, it has been the custom and practice of the current Office of the Mayor to direct all service of process to the Office of the Corporation Counsel, inferring that any service upon the Mayor of the City of Syracuse, based upon that custom and practice, would have been directed to the Office of the Corporation Counsel.

12. On March 15, 2019, I conducted a review of the electronic Service Log—maintained in the regular course of business by an employee in the Office of the Corporation Counsel—for the dates of March 7, 2019 to present. This recorded in the log is each and every legal document that has been personally served upon the Office of the Corporation Counsel. This review was negative for the Subpoena, inferring that the Office of the Corporation Counsel was not served a copy of the Subpoena. *See* Ex. A.

13. Therefore, based upon the Defendants' memorandum of law, the exhibit attached to this Declaration, and the Affidavit of Detective Mark Rusin, the City respectfully request that this Court: (a) quash Defendant's Subpoena in its entirety; or, in the alternative (b) accordingly modify the Subpoena with reasonable and unoppressive terms with a reasonable deadline deliverable before this Court; and (c) an *in camera* review of the narrowed subject matter be conducted for the controlled protection of law enforcement privileged documents; and (d) any other relief that this Court deems just and proper.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 15, 2019
Syracuse, New York

/s/
TODD M. LONG, ESQ.
Assistant Corporation Counsel
Federal Bar Roll No.: 519301