**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES,

                Plaintiffs,

      **v.**

KAMAR BOATMAN,

                Defendants.

**<u>AFFIDAVIT OF DETECTIVE</u>**
**<u>MARK RUSIN</u>**
Criminal Action No.: 5:18-CR-185
(NAM)

---

COUNTY OF ONONDAGA  )
CITY OF SYRACUSE       )ss:

MARK RUSIN, being duly sworn, deposes and states:

1.      I am a Detective with the Syracuse Police Department (hereinafter "SPD"), currently assigned to the Office of the Chief of Police, Office of Legal Affairs.

2.      I have been a sworn police officer with SPD for approximately thirteen (13) years.

3.      Among my many duties in the Office of Legal Affairs, I act as a Police Practices Investigator who is responsible for advising and assisting the Chief of Police and his command in developing and reviewing new and existing policies, practices, and training. I also act as liaison to various local, state and federal boards, offices, and agencies, regarding departmental matters.

4.      I have in my current position also provide consultation to SPD and provide literature review reports, policy review, and training on a variety of issues.

5.      Previously I was assigned to SPD's Criminal Investigations Division ("CID") from February 2009 through April 2018.  There, I was assigned as primary detective to investigate felonies, conducted interviews with witnesses, victims, and suspects, and participate in multi-jurisdictional investigations at state and federal level.

6.      I am, therefore, abundantly familiar with the SPD's policies and procedures, specifically as they relate to investigations and proper documentation.

7.      Moreover, I am familiar with Defendants Kamar Boatman's ("Defendant") subpoena ("Subpoena") requesting "[a] copy of the written policies, procedures and rules on how officers are supposed to document controlled drug buys."

8.      I concur with the City's position that this request is unreasonable and oppressive, and so I submit this affidavit in support of the City's motion to Quash Defendant Kamar Boatman's Judicial Subpoena Pursuant to Fed. Rules Crim. Pro. Rule 17(c).  All statements contained herein are true to the best of my knowledge, and, where stated, made upon information and belief.

9.      As the request is written in the subpoena, it is unreasonable in that the timeframe to respond (from March 7, 2019 to March 15, 2019) is unreasonable.  I base this conclusion on the fact that the request is so vague that it would require SPD and me to review each and every policy, procedure, and rule document within our control and custody to identify those documents that may in any way pertain to "controlled drug buys."

10.     In order to identify the source and location of all possible documents that are considered "written policies, procedures and rules" I and other officers would be required to interview multiple employees of SPD to fully comply with the ambiguous nature of the request.

11.     Moreover, documents that may be responsive to this request may be law enforcement sensitive and reveal operational strategies and tactics that would have a negative impact on SPD's ability to effectively conduct and enforce "controlled drug buys."

12.     So, once responsive documents are identified, it would be the responsibility of SPD to review, analyze, and redact any areas that have the potential to compromise informant safety, officer safety, and operational security.

13.     Construing liberally the Subpoena's demand may result in SPD disclosing confidential information that could endanger and imperil SPD operations.


Dated: March 14, 2019
Syracuse, New York

MARK RUSIN

Sworn to before me this
14th day of March, 2019

Notary Public

ERICA T CLARKE
Notary Public, State of New York
No. 02CL6358013
Qualified in Onondaga County
Commission Expires May 01, 20__

3