UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -v-                           CASE NO: 5:18-CR-0185 (NAM)

KAMAR BOATMAN,
                        Defendant.

# DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO THE OFFICE OF CORPORATION COUNSEL FOR THE CITY OF SYRACUSE'S MOTION TO QUASH DEFENDANT'S RULE 17(c)(1) JUDICIAL SUBPOENA

DATED: March 19, 2019

Respectfully submitted,

LISA A. PEEBLES
Federal Public Defender

By:    Courtenay K. McKeon, Esq.
        Assistant Federal Public Defender
        Bar Roll No. 515841
        Clinton Exchange, 3rd Floor
        4 Clinton Square
        Syracuse, New York   13202
        (315) 701-0080

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Mr. Boatman in response to the Office of the Corporation Counsel for the City of Syracuse's motion to quash Mr. Boatman's *subpoena duces tecum* served upon the Syracuse City Police Department (SPD) on March 7, 2019, pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure.  This response incorporates all prior filings surrounding Mr. Boatman's motion to suppress verbal and physical evidence obtained in violation of his rights under the Fourth and Fifth Amendments.  (Dkt. Nos. 29, 35, 41, 47, 55, 58, 59, 62).

## I.   THE SUBPOENA DUCES TECUM IS NOT "UNREASONABLE OR OPPRESSIVE."

The Sixth Amendment guarantees a defendant the right to "have compulsory process for obtaining witnesses in his favor."  U.S. Const. Amend. VI.  Rule 17(c) of the Federal Rules of Criminal Procedure "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." *United States v. Caro,* 597 F.3d 608, 619 (4th Cir. 2010).  The Compulsory Process Clause is one source of the power to subpoena witnesses and physical evidence. *Taylor v. Illinois,* 484 U.S. 400, 407-08 (1988).  Mr. Boatman's right to secure evidence in his favor "is an essential attribute of the adversary system of itself." *Id.,* at 652.  As the Supreme Court has stated:

> We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law.  The need to develop all relevant facts in the adversary system is both fundamental and comprehensive.  The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts.  The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.  To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense.

*United States v. Nixon,* 418 U.S. 683, 709 (1974).

1

The Office of Corporation Counsel for the City of Syracuse has moved to quash a *subpoena duces tecum* served upon the SPD by Mr. Boatman on March 7, 2019.  The subpoena seeks production of documentary evidence that includes "the written policies, procedures and rules on how officers are supposed to document controlled drug buys." (Dkt. No. 63-2, p. 1).  The evidence is necessary for an evidentiary hearing scheduled for March 22, 2019,[1] to address Mr. Boatman's motion to suppress physical evidence and verbal statements obtained in violation of his Fourth and Fifth Amendment rights.  (Dkt. No. 55).  The court "may quash or modify the subpoena if compliance would be unreasonable or oppressive."  Fed.R.Crim.P. 17(c)(2).  A subpoena will not be determined to be "unreasonable or oppressive" when the party requesting it demonstrates:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon,* 418 U.S. at 699-700.

Here, Mr. Boatman is seeking the production of documentary evidence from SPD that is relevant to his claim that the search warrant application contains materially false statements regarding the existence of controlled drug buys.  (Dkt. No. 55).  The government has previously advised the defense that the "Department Evidence Report" was the only documentation regarding the alleged controlled buys that would be provided without a court order.  *Id*.  Accordingly, the defense filed a motion to compel on November 13, 2018. (Dkt. No. 29.) In response to the motion, this Court ordered the government "to submit to the Court for *in camera* review . . . all documents and evidence supporting the controlled buys of cocaine or cocaine base from Defendant, as alleged

---

[1] The evidentiary hearing concerns Mr. Boatman's written statement and the Court has reserved decision on Mr. Boatman's motion to suppress physical evince or alternative request for a *Franks* hearing.  (3/7/19 and 3/18/19 Text Orders).

in the search warrant application by Syracuse Police Department Detective Gregory Staub." (Dkt. No. 46.)

In response to the Court's order, the government produced "several" documents. (Dkt. No. 47 at 3.) The Court characterized these documents as (1) the unredacted version of the report that had been produced to the defense on November 2, 2018; (2) a handwritten note from January 2018 indicating that Detective Staub was assigned to investigate Mr. Boatman; (3) handwritten notes by Detective Staub regarding the alleged controlled drug buys; (4) six voucher forms completed by Detective Staub; and (5) a Report of Laboratory Analysis regarding six items that tested positive for cocaine. *Id.* at 5.  The documents, as listed by the Court, do not include any formal police reports regarding the alleged controlled buys, either by Detective Staub or other officers. They do not include photographs or copies of the buy money provided to the confidential informant. They do not include documentation of the photo lineup that Detective Staub's affidavit alleges that he conducted.  They do not include documentation of research that Detective Staub did about Mr. Boatman's criminal record. They do not include police reports regarding the burglary that Ms. Sawyer and Mr. Boatman reported or the shots fired incident. Indeed, the evidence as listed does not include any documents, other than the lab report, authored by anyone other than Detective Staub.

This Court ordered the government to provide the lab report to the defense. (Dkt. No. 47 at 7.) The government complied. As with the evidence report that the government produced to the defense in November 2018, the lab report does not corroborate the existence of the alleged controlled drug buys. Rather, it shows that a laboratory received six items for testing *after* the defense filed the motion to compel and the government filed its opposition to that motion. (Dkt. No. 55-6, p. 71).  It shows that those six items contained cocaine. *Id.* It does not state that the items

were obtained during controlled drug buys or that they were associated in any way with Kamar Boatman. *Id*.

Because of the government's evidence, which is lacking in specificity, and in preparation for Mr. Boatman's evidentiary hearing, Mr. Boatman is seeking documentary evidence from SPD about their policies, procedures, and rules on how officers are to maintain evidence obtained through controlled drug buys.

Under the first factor, the documents sought are evidentiary and relevant because they pertain to the policies, procedures, and rules on how police officers are meant to document and secure evidence obtained through a controlled drug buy.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  FRE 401.  Here, the government's documentary evidence provides no information connecting Mr. Boatman to the alleged controlled buys set forth in Detective Staub's search warrant affidavit.  This is because the physical evidence is lacking information.

According to Corporation Counsel, the first factor is not satisfied because "[t]he policies, procedures, and rules that SPD officers are obligated to follow are for the purpose of ensuring best practices of the department."  (Dkt. No. 63-4, p. 8).  Corporation Counsel goes on to state that Detective Staub's "non-compliance with these documents would, at most, be an internal disciplinary matter with respect to the actions of the individual officer's violation" and "may be an *indicia* of accountability under a civil cause of action against the municipal corporation."  *Id.* Not so.  Mr. Boatman claims that Detective Staub violated his Fourth Amendment rights when he inserted materially false statements into his search warrant affidavit.  Mr. Boatman is seeking a *Franks* hearing on that issue, which he can only obtain after he makes a preliminary showing of the following three factors: (1) a warrant affidavit contains false information; (2) the false

4

information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) the misrepresentations were necessary to the determination of probable cause to issue the warrant. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).  Detective Staub's failure to adhere to SPD policies and procedures when handling evidence obtained through controlled drug buys goes directly to the second *Franks* factor.

The second factor also weighs in Mr. Boatman's favor.  The documentary evidence cannot be procured prior to the evidentiary hearing through the exercise of due diligence. Mr. Boatman is not an employee of the SPD, the information sought is not open to the public, and the material sought is in the possession, custody and control of the SPD.  Corporation Counsel suggests Mr. Boatman "could conceivably submit a request by means of Freedom of Information Law ("FOIL")" for the subpoenaed materials for any publicly available and otherwise unprivileged documents. (Dkt. No. 63-4, pp. 8-9).  This argument fails for two reasons.  First, compliance with the FOIL request is not guaranteed and would not be satisfied prior to March 22, 2019.  Second, Corporation Counsel later argues that the subpoenaed materials are subject to law enforcement privilege and cannot be disclosed.  (Dkt. No. 63-4, pp. 9-10).  Corporation Counsel's claim of privilege is not absolute.  "In light of the 'fundamental' and 'comprehensive' need for 'every man's evidence' in the criminal justice system" privilege claims will not be "expansively construed, for they are in derogation of the search for truth."  *Cheney v. U.S. Dist. Court for Dist. Of Columbia,* 542 U.S. 367, 384 (2004) (quoting *Nixon,* 418 U.S. at 709, 710).

Third, Mr. Boatman cannot properly prepare for the evidentiary hearing without the requested documents because he does not know which procedures, rules, and policies were in place at the time the controlled drug buys were alleged to have occurred.  Without knowing these rules and regulations, he cannot properly cross examine Detective Staub on his handling of the evidence obtained through the alleged controlled buys.  Corporation Counsel argues that SPD procedures in

handling controlled drug buy evidence "are not important in vindicating Defendant based on their irrelevance." (Dkt. No. 63-4, p. 9). Certainly, if Detective Staub failed to follow procedures that would have identified the drugs to either a particular defendant or a case number, or anything for that matter, and those drugs were falsely attributed to Mr. Boatman because of Detective Staub's failure to follow the rules and procedures of the SPD, the relevance of those procedures becomes instrumental in the probable cause determination leading to the issuance of the search warrrant.

Finally, Mr. Boatman's application is made in good faith. Mr. Boatman has consistently argued that he did not participate in the controlled drug buys listed in Detective Staub's search warrant affidavit. Mr. Boatman's constitutional right to test the government's evidence cannot be qualified as a "fishing expedition," especially when the government's evidence connecting Mr. Boatman to these controlled drug buys is thin. Corporation Counsel argues that Mr. Boatman has not properly identified what he wants from SPD in regard to their policies and procedures when handling evidence obtained during a police investigation. (Dkt. No. 63-4, p. 9). Mr. Boatman is seeking documentary evidence pertaining to the policies and procedures of the SPD that Detective Staub was operating under when he was investigating Mr. Boatman's suspected drug activity and when he was handling drug evidence that is identified in the "Department Evidence Report" (Dkt. No. 55-6, p. 66) which was later forensically tested at the Wallie Howard, Jr., Center for Forensic Sciences (Dkt. No. 55-6, p. 71).

## II.     SERVICE OF THE SUBPOENA DUCES TECUM UPON THE SPD IS PROPER

The Office of the Corporation Counsel for the City of Syracuse complains that service of the *subpoena duces tecum* upon the SPD for records in their possession was improper. Mr. Boatman is seeking records from the SPD about SPD's written policies, procedures, and rules as to how officers are required to document the controlled purchase of drugs. Mr. Boatman is seeking production of documents, which may be enforced independently of testimony. *See Wilson v.*

*United States,* 221 U.S. 361, 372, 374 (1911); *Essgee Co. of China v. U.S.,* 262 U.S. 151 (1923). As such, service upon the party that possesses the records was proper.  *See United States v. Re,* 313 F.Supp. 442, 449 (SDNY 1970).

## CONCLUSION

As previously argued in Mr. Boatman's filings regarding his motion to suppress physical and verbal evidence, the search warrant affidavit in this case did not provide probable cause for the issuance of a warrant, in part, because it did not provide a sufficient nexus between the alleged controlled drug buys from Mr. Boatman and Mr. Boatman's home and it contained materially false statements regarding the existence of controlled drug buys. The material sought through Mr. Boatman's *subpoena duces tecum* is material and relevant to these issues.  Therefore, the motion to quash the subpoena must be denied by this Court.

DATED: March 19, 2019

LISA A. PEEBLES
FEDERAL PUBLIC DEFENDER
By:   */s/ Courtenay K. McKeon, Esq.*
Assistant Federal Public Defender
Bar Roll No. 515841
Clinton Exchange, 3rd Floor
4 Clinton Street
Syracuse, New York   13202
(315) 701-0080

To:   Richard Southwick, AUSA (via ECF)
Kamar Boatman, Oneida County Jail (via mail)