UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                                5:18-cr-00185 (NAM)

KAMAR BOATMAN,

                **Defendant.**
_____

**APPEARANCES:**

Office of the United States Attorney, Northern District of New York
Richard R. Southwick, Assistant United States Attorney
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261
*Attorney for the Government*

Office of the Federal Public Defender, Northern District of New York
Courtenay K. McKeon, Assistant Public Defender
Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
*Attorney for the Defendant*

**Hon. Norman A. Mordue, Senior United States District Court Judge:**

**ORDER**

    Now before the Court is a motion from non-party City of Syracuse ("City") to quash Defendant's subpoena. (Dkt. No. 63). The subpoena seeks, on or before March 15, 2019, "[a] copy of the written policies, procedures and the rule on how officers are supposed to document controlled drug buys." (Dkt. No. 63-2, p. 1). Defendant opposes the motion. (Dkt. No. 69).

    In support of its motion, the City argues that Defendant's subpoena should be quashed for several reasons, including "the unreasonable deadline it places upon the City to provide such

1

objectionable production." (Dkt. No. 63-4, p. 4). Under Rule 17(c)(2) of the Federal Rules of Criminal Procedure, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

Defendant's subpoena is squarely aimed at documents related to his pending motion to suppress physical evidence (and the issue of controlled buys). (Dkt. No. 55, pp. 11–19). On February 27, 2019, the Court reserved decision on this issue, while granting Defendant's request for an evidentiary hearing on the separate issue of his written statement. (Dkt. No. 60). The evidentiary hearing scheduled for March 22, 2019 is "strictly limited to the issue of Defendant's written statement." (Dkt. Nos. 60, 68). But the Defendant's response to the City's motion to quash curiously insists that: "The evidence is necessary for an evidentiary hearing scheduled for March 22, 2019, to address Mr. Boatman's motion to suppress physical evidence and verbal statements obtained in violation of his Fourth and Fifth Amendment rights." (Dkt. No. 69, p. 3).

At this juncture, the Court finds that Defendant's subpoena is unreasonable in its timing. However, as the Court has indicated, additional discovery may be warranted on the issue of the controlled buys. (*See* Dkt. No. 68). The Court will confer with the parties as to the necessity and scope of additional discovery at the evidentiary hearing on March 22, 2019.

Accordingly, the City's motion to quash (Dkt. No. 63) is **GRANTED**, without prejudice to Defendant's ability to subpoena the documents at a later date.

**IT IS SO ORDERED.**

Date:   March 21, 2019
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge