UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

UNITED STATES OF AMERICA,

v.                                                      5:18-CR-00185 (NAM)

KAMAR BOATMAN,

                      **Defendant.**
───────────────────────────────────────

**Appearances:**

Richard R. Southwick
Office of the United States Attorney
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261
*Attorney for the Government*

Kamar Boatman
Inmate No. 14930-052
Ray Brook FCI
PO Box 900
Ray Brook, NY 12977
*Pro Se Defendant*

Robert G. Wells
120 East Washington Street
825 University Building
Syracuse, New York 13202
*Stand-by Counsel for Defendant*

**Hon. Norman A. Mordue, Senior United States District Court Judge:**

# ORDER

Now before the Court are numerous requests from Defendant Kamar Boatman to be transferred to a different facility and/or released from custody. (Dkt. Nos. 405, 406, 407, 408, 409, 410, 412, 414). The Government opposes Defendant's release on the grounds that he presents a danger to the community. (Dkt. No. 413).

1

The Court previously denied a similar transfer request, wherein Defendant alleged that the quarantine conditions at Ray Brook Correctional Facility severely limited his ability to prepare a defense. (Dkt. No. 400). The Court noted that: 1) it was not possible to return him to Montgomery County Correctional Facility due to Defendant's alleged disciplinary problems there; 2) Ray Brook has a law library with federal materials; 3) Defendant should be quarantined no longer than necessary; and 4) Defendant should be permitted legal calls with stand-by counsel Robert Wells and the newly authorized private investigator. (Dkt. No. 401).

On February 25, 2021, Defendant claimed that he was stuck in solitary confinement without access to legal materials, stand-by counsel, or his investigator. (Dkt. No. 405). Defendant requested to be transferred to Madison County Jail. (*Id.*). On February 28, 2021, Defendant stated that he was given two options at Ray Brook: solitary confinement or general population. (Dkt. No. 406, p. 4). Defendant stated that he "was told he will die in population," so he elected to remain in solitary confinement. (*Id.*). Defendant asked to be transferred to Madison County Jail, or alternatively, given full access to legal materials and legal calls while in solitary confinement at Ray Brook. (*Id.*, p. 6). On March 2, 2021, Defendant alleged that he was transferred to Ray Brook in retaliation for filing civil claims at his previous facility, and once again he requested a transfer. (Dkt. No. 407). That same day, he wrote another letter stating that he could not defend his case while in solitary confinement. (Dkt. No. 409). On March 4, 2021, Defendant stated that he remained in solitary confinement without access to legal materials, stand-by counsel, and phone calls. (Dkt. No. 408). Again, Defendant requested to be transferred to Madison County. (*Id.*). Defendant submitted a similar request on March 8, 2021. (Dkt. No. 412).

On March 7, 2021, Defendant stated that he could not prepare his defense while in solitary confinement at Ray Brook, and he requested temporary release for 50 days pursuant to 18 U.S.C. § 3142(i).  (Dkt. No. 410).  On March 9, 2021, Defendant again requested transfer to a different facility.  (Dkt. No. 414).

**1)  Transfer Request**

As an initial matter, the Government indicates that the United States Marshals Service intends to soon move Defendant a different facility, which would render his request moot.  (Dkt. No. 413, p. 3).  In the meantime, his request must be denied for the reasons explained in the Order dated February 16, 2021.  (Dkt. No. 401).  As previously stated, Defendant shall be afforded the opportunity to prepare his defense while at Ray Brook, which means <u>the facility is Ordered to permit him access to legal materials and confidential legal calls of at least thirty minutes per week with stand-by counsel Robert Wells and the newly authorized investigator</u>.  This Order applies even if Defendant remains in solitary confinement.  Although the Court understands Defendant's complaints about the difficulties of the past year, the ongoing COVID-19 pandemic has required certain restrictions for public safety, including his own.  If Defendant continues to experience limited access to legal resources, the current motion deadline will be adjusted to allow him additional time.

**2)  Temporary Release**

Defendant's request for temporary release must also be denied for the reasons explained in the several Orders of Detention in this case.  (*See* Dkt. Nos. 7, 182, 234, 367).  Most importantly, the Court found that "the factors set forth at 18 U.S.C. § 3142(g) all militate against Defendant's pretrial release, and that the Government has demonstrated by clear and convincing evidence that Defendant is a danger to the community and that no combination of

conditions will reasonably protect the safety of any other person and of the community." (*See* Dkt. No. 234, p. 4). Defendant now seeks temporary release pursuant to Section 3142(i), which states that a judicial officer may "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). But the Court finds that temporary release is not necessary because Defendant can prepare his defense while in custody using the resources available and the legal assistance of stand-by counsel and the investigator, as ordered above. Although this situation is not perfect, Defendant has discharged two attorneys and decided to proceed *pro se*—a status with inherent disadvantages. And as the Government points out, Defendant's voluminous filings demonstrate that he can proceed without being released. Finally, Defendant's interest in preparing his defense unfettered is outweighed by the Court's finding that he poses a danger to the community.

**IT IS SO ORDERED.**

Dated:   March 18, 2021
         Syracuse, New York

*[signature]*
Norman A. Mordue
Senior U.S. District Judge